| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

HAROLD ANDERSON, §
§
    Petitioner, §
§
versus § CIVIL ACTION NO. 1:14-CV-659
§
CHARLES A. DANIELS, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Harold Anderson, an inmate confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The magistrate judge recommends the petition be dismissed.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the pleadings and the applicable law.

Petitioner is challenging several criminal convictions from the Superior Court of the District of Columbia. In order to be entitled to relief in this proceeding, petitioner must assert a ground for review that: (1) is based on a retroactively applicable decision of the United States Supreme Court which demonstrates he was convicted of a nonexistent offense and (2) was foreclosed by established circuit law when it could have been raised during trial, on direct appeal

or in an initial motion to vacate, set aside or correct sentence. *Dockery v. Driver*, 364 F. App'x 88, 90 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001).

Petitioner's grounds for review do not meet this standard. First, petitioner's grounds for review are not based on a retroactively applicable decision of the Supreme Court. In addition, while petitioner contends he is actually innocent of the offenses he was convicted of committing, the standard set forth above is not met by an assertion that a petitioner did not commit the acts he was accused of committing. Instead, a petitioner must assert that even if it is assumed that he committed the acts he was accused of committing, such acts, because of an intervening change in law, do not constitute a crime. Petitioner is not asserting that the acts he was accused of committing do not constitute a crime. As a result, his grounds for review do not provide him with a basis for relief in this proceeding.[1]

ORDER

Accordingly, petitioner's objections are **OVERRULED.** The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment shall be entered dismissing the petition.

SIGNED at Beaumont, Texas, this 25th day of November, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] Even if petitioner could obtain relief based on an assertion of actual innocence, he has not demonstrated he is actually innocent. Petitioner was convicted of committing crimes that occurred on March 23, 2006. A letter attached to his petition states petitioner was incarcerated in the District of Columbia Jail from February 8, 2006, through March 8, 2006, and from April 6, 2006, through April 16, 2007. As a result, petitioner was not incarcerated on the date the offenses were committed. He has therefore not demonstrated actual innocence.